IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA ROSENTHAL,<br>    Plaintiff<br><br>    v.<br><br>AMERICAN STATES INSURANCE<br>COMPANY t/d/b/a SAFECO<br>INSURANCE COMPANY,<br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    No. 1:18-cv-01755<br><br>   (Judge Kane) |

## MEMORANDUM

Before the Court is Defendant American States Insurance Company ("Defendant")'s motion to dismiss (Doc. No. 3), Count II of Plaintiff Linda Rosenthal ("Plaintiff")'s complaint (Doc. No. 1), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons provided herein, the Court will grant Defendant's motion.

### I. BACKGROUND

#### A. Procedural Background

Plaintiff initiated the above-captioned action by filing a complaint against Defendant in the Dauphin County Court of Common Pleas on July 26, 2018, alleging that Defendant breached its contractual obligations to Plaintiff and acted in bad faith in violation of 42 Pa. Cons. Stat. § 8371. (Doc. No. 1-3.) Defendant removed the case to the Middle District of Pennsylvania on September 5, 2018. (Doc. No. 1.) On September 12, 2018, Defendant filed the instant motion to dismiss the bad faith claim asserted at Count II of Plaintiff's complaint. (Doc. No. 3.) Defendant thereafter filed a brief in support of the motion to dismiss on September 24, 2018 (Doc. No. 4), and Plaintiff filed a brief in opposition on October 9, 2018 (Doc. No. 8). On October 23, 2018, Defendant filed a reply brief. (Doc. No. 9.) Accordingly, the motion has been fully briefed and is ripe for disposition.

### B. Factual Background

This case arises from Defendant's alleged bad faith handling of an underinsured motorist ("UIM") claim submitted by Plaintiff. (Doc. No. 1.) On or about January 3, 2015, Plaintiff was involved in a motor vehicle accident in Wormleysburg, Pennsylvania, in which another motorist suddenly accelerated in reverse, at a stoplight, and collided with Plaintiff's 2007 Toyota Avalon. (Id. ¶¶ 3-9.) Plaintiff claims that, as a result of the accident, she sustained injuries to her right shoulder that ultimately required surgery. (Id. ¶ 10.) Furthermore, Plaintiff claims that the injuries caused the development of complex regional pain syndrome, and, as a result, she has lost virtually all functional use of her right hand and arm. (Id. ¶ 11.) Plaintiff also alleges that due to the nature of her injuries, she was forced to incur costs for medical treatment and care, as well as other related expenses. (Id. ¶ 12.)

At the time of the accident, Plaintiff was insured by Defendant under a policy, identified by policy number K2672073, which provided underinsured motorist benefits of $100,000 per person, and $250,000 per person over four vehicles, for a total UIM coverage of $1,000,000 per person. (Id. ¶¶ 18-19.) On August 2, 2016, Defendant consented to a third-party settlement and waived its subrogation rights. (Id. ¶ 17.)

After exhausting her first-party medical benefits coverage and wage loss benefits coverage, Plaintiff submitted a demand, on or about September 11, 2017, for Defendant to tender her UIM per person policy limits of $1,000,000. (Id. ¶¶ 23, 25.) Plaintiff asserts that during this time, she cooperated with Defendant's requests for information, including the signing of medical record authorizations, and provided recorded statements regarding the subject vehicle crash and subsequent physical injuries. (Id. ¶ 22.) Plaintiff claims that at no point in time did Defendant deny or delay payment of any first-party automobile insurance benefits on the basis that medical

bills or income loss were not related to the subject vehicle crash.  (Id. ¶ 24.)  Plaintiff alleges that on or about April 9, 2018, Defendant extended a settlement offer of $107,012.  (Id. ¶ 26.)  Plaintiff further claims that Defendant asserted that Plaintiff's initial right shoulder injury was not caused by the subject vehicle crash when Defendant extended its offer.  (Id. ¶ 27.)

Plaintiff claims that Defendant has denied Plaintiff's reasonable claims for UIM benefits and has refused to negotiate a reasonable settlement of her claim.  (Id. ¶¶ 29-30.)  Plaintiff also claims that at no time has Defendant provided Plaintiff with expert medical opinions, peer-reviewed reports, record review reports, or expert reports of any kind in support of its assertion that Plaintiff's initial right shoulder injury was not caused by the subject vehicle crash.  (Id. ¶ 28.)

## II.    LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  Fed. R. Civ. P. 8(a).  Although the Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  The Court's inquiry is guided by the standard of Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To avoid dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice,

4

matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

## III. DISCUSSION

The instant motion pertains only to Count II of the complaint, which alleges bad faith on the part of Defendant. (Doc. No. 1 at 7-9.)

### A. Legal Standard for Bad Faith Under Pennsylvania Law

Plaintiff asserts her claim for bad faith pursuant to 42 Pa. Cons. Stat. § 8371, which provides a statutory remedy for an insurer's bad faith conduct. The statute provides:

> In an action arising under an insurance policy, if the [C]ourt finds that the insurer has acted in bad faith toward the insured, the [C]ourt may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371.

Accordingly, to prevail in a bad faith claim, a plaintiff must "show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (citing Am. Franklin Life Ins. Co. v. Galati, 776 F. Supp. 1054, 1064 (E.D. Pa. 1991); D'Ambrosio v. Pa. Nat'l Mut. Casualty Ins. Co., 431 A.2d 966 (Pa. 1981)). The Supreme Court of Pennsylvania has since remarked that "the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or

5

recklessly disregarded its lack of a reasonable basis." Rancosky v. Wash. Nat'l Ins. Co., 170 A.3d 364, 365 (Pa. 2017). Furthermore, the Supreme Court of Pennsylvania held that evidence of an insurance company's motive of self-interest or ill-will is probative of the second Terletsky prong, but not required to prevail in a bad faith claim. See id. at 377. "Rather, proof of the insurer's knowledge or reckless disregard for its lack of reasonable basis in denying the claim is sufficient for demonstrating bad faith under the second prong." Id.

"A court should examine the factors that the insurer relied on in evaluating a claim to determine whether the insurer had a reasonable basis for denying benefits." Davis v. Nationwide Mut. Ins. Co., 228 F. Supp. 3d 386, 388 (E.D. Pa. 2017) (citing Terletsky, 649 A.2d at 688–89). "Bad faith claims are fact-specific and depend on the conduct of the insurer vis-à-vis its insured." Williams v. Nationwide Mut. Ins. Co., 750 A.2d 881, 887 (Pa. Super. Ct. 2000). Furthermore, "a plaintiff may also successfully assert an action for an insurer's bad faith in investigating a claim, such as a failure to conduct a reasonable investigation based upon available information, and failure to communicate with the claimant." Shaffer v. State Farm Mut. Auto. Ins. Co., No. 13–cv–1837, 2014 WL 5325340, at *6 (M.D. Pa. Oct. 20, 2014) (internal citations omitted) (citing Giangreco v. U.S. Life Ins. Co., 168 F. Supp. 2d 417, 423 (E.D. Pa. 2001); O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. Ct. 1999); Romano v. Nationwide Mut. Fire Ins. Co., 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994); Johnson v. Progressive Ins. Co., 987 A.2d 781, 784 (Pa. Super. Ct. 2009)). Additionally, the Pennsylvania Superior Court has held that "the bad faith statute extends to the handling of UIM claims." See Brown v. Progressive Ins. Co., 860 A.2d 493, 500 (Pa. Super. Ct. 2004) (citing Bonenberger v. Nationwide Mut. Ins. Co., 791 A.2d 378, 381 (Pa. Super. Ct. 2002)).

"A plaintiff must plead specific facts as evidence of bad faith and cannot rely on mere legal conclusions." Rickell v. USAA Cas. Ins. Co., No. 1:18-cv-1279, 2018 WL 5809865, at *2 (M.D. Pa. Nov. 6, 2018) (citing Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133, 136 (3d Cir. 2012)). "In making out a bad faith claim, the plaintiff is not required to prove that an insurer's delay in payment was motivated by any improper purpose." Riedi v. GEICO Cas. Co., No. 16-cv-6139, 2017 WL 1326318, at *2 (E.D. Pa. Apr. 11, 2017) (citing Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997)). However, in order to survive a motion to dismiss, the plaintiff must provide sufficient supporting factual detail, rather than mere legal conclusions. See, e.g., Rickell, 2018 WL 5809865, at *3; Riedi, 2017 WL 1326318, at *3; Jack v. State Farm Fire & Cas. Co., No. 16-cv-5771, 2017 WL 945031, at *3 (E.D. Pa. Mar. 3, 2017). "Failing to plead explanations or descriptions of what an insurer actually did, or why they did it, is fatal to a bad faith claim." Sherman v. State Farm Ins. Co., No. 17-cv-4822, 2017 WL 5559911, at *2 (E.D. Pa. Nov. 17, 2017) (citing Myers v. State Farm Mut. Auto. Ins. Co., No. 17-cv-3509, 2017 WL 3891968, at *3 (E.D. Pa. Sept. 6, 2017)).

### B. Parties' Arguments

Defendant argues that Plaintiff's complaint has not alleged any facts sufficient to sustain a cause of action for statutory insurance bad faith. (Doc. Nos. 3, 4, 9.) First, Defendant contends that Plaintiff has failed to meet the mandatory pleading standard set forth in Federal Rule of Civil Procedure 8, and later interpreted in Iqbal. (Doc. No. 4 at 4.) Next, Defendant cites several cases in which courts dismissed bad faith claims premised on averments similar to those asserted in Plaintiff's complaint. (Id. at 8-12.) Finally, Defendant argues that Plaintiff's bad faith claim is conclusory and factually insufficient because Plaintiff provided factual support only as to her disagreement over the value of her UIM claim. (Id. at 12.)

7

Plaintiff argues in response that she has alleged facts that, if proven through discovery, are sufficient to state a claim upon which relief may be granted. (Doc. No. 8, at 3.) Next, Plaintiff argues that Defendant did not have a reasonable basis for denying Plaintiff the benefits, and that Defendant knew or recklessly disregarded its lack of a reasonable basis in denying the claim. (Id. at 7.) Finally, Plaintiff argues that her case is distinguishable from the authorities relied upon by Defendant because she has provided specific factual allegations to support her bad faith claim. (Id.)

### C. Whether Plaintiff Has Sufficiently Alleged a Bad Faith Claim Against Defendant

The Court finds that Plaintiff has failed to allege facts that would support a plausible inference that Defendant's actions in investigating and evaluating Plaintiff's claims were unreasonable and that Defendant knew of or recklessly disregarded its lack of a reasonable basis. First, a review of the complaint reveals that the statements made at Paragraph 41(a)-(k) are merely conclusory statements constituting the type of boiler-plate language that other courts have deemed insufficient to support a bad faith claim. See, e.g., Moran v. United Servs. Auto. Ass'n, 18-cv-2085, 2018 WL 6524385, at *3-4 (M.D. Pa. Dec. 12, 2018); Yohn v. Nationwide Ins. Co., No. 13–cv–024, 2013 WL 2470963, at *5-7 (M.D. Pa. June 7, 2013); Rickell, 2018 WL 5809865, at *3; Sypeck v. State Farm Mut. Auto . Ins. Co., No. 12-cv-324, 2012 WL 2239730, at *3 (M.D. Pa. June 15, 2012). Accordingly, the Court finds these statements insufficient on their own to state a bad faith claim.

Turning to the allegations in Plaintiff's complaint beyond the conclusory statements at Paragraph 41, the Court notes that although Plaintiff's complaint alleges that Defendant paid first-party automobile insurance benefit payments without indicating any dispute regarding the causal relationship between the accident and Plaintiff's medical bills or income loss, payment of

8

first-party benefits is, by itself, an insufficient basis for a bad faith claim. See Pantelis v. Erie Ins. Exch., 890 A.2d 1063, 1067 (Pa. Super. Ct. 2006); see also Barry v. Ohio Cas. Group, No. 04-cv-188, 2007 WL 1288878, at *10 (W.D. Pa. Jan. 12, 2007) ("[I]n order to maintain a bad faith claim, [the plaintiff] must show more than a mere inconsistency between the [d]efendant's handling of the first-party and the third-party UM/UIM benefits."). Additionally, Plaintiff also alleges that nearly seven months passed from the time that she submitted her demand to the time that Defendant presented its offer to her. (Doc. No. 1-3 at ¶¶ 25-26.) However, delay "in itself is not a basis for a bad faith claim, if the insurer had a reasonable basis for the delay." Morrissey v. State Farm Fire & Cas. Co., No. 14-cv-5193, 2014 Wl 7232244, at *2 (E.D. Pa. Dec. 18, 2014). Because Plaintiff has not alleged any facts indicating that Defendant's delay of nearly seven months did not have a reasonable basis, the alleged time period between Plaintiff's demand and Defendant's offer is insufficient to allege a bad faith claim.

Other courts have found allegations that a defendant insurer failed to communicate with a plaintiff policyholder regarding a claim to be a sufficient basis for a bad faith claim, but in those cases, the complaints at issue alleged specific facts regarding the plaintiffs' unsuccessful attempts to elicit such information from the defendant insurers. See, e.g., Hart v. Progressive Preferred Ins. Co., No. 17-cv-1158, 2017 U.S. Dist. LEXIS 201699, at *3-4, 10-11 (W.D. Pa. Dec. 6, 2017) (Mitchell, Mag. J.) ("Plaintiff herein offers specific and relevant facts regarding his communication with the defendant about his UIM claim and has pleaded a plausible bad faith claim"); Padilla v. State Farm Auto Ins. Co., 31 F. Supp. 3d 671, 677 (E.D. Pa. 2014) (holding that the complaint's specific references to the plaintiff's communication with the defendant, along with other allegations, sufficiently established a bad faith claim). In the instant case, Plaintiff's complaint fails to identify any communication with Defendant related to an attempt to

9

obtain an explanation for Defendant's offer. Rather, Plaintiff simply alleges that Defendant "[a]t no time . . . provided [Plaintiff] with any expert medical opinions, peer reviews reports, record review reports or any expert reports of any kind." (Doc. No. 1-3 at ¶ 28.) Accordingly, the Court concludes that Plaintiff's complaint does not set forth allegations sufficient to plead a bad faith claim based on Defendant's failure to communicate with Plaintiff.

Finally, Plaintiff asserts that while her cost of assistance, medical care, and therapeutic care related to the injuries she sustained in the underlying accident will be in excess of $1,000,000, Defendant's offer of $107,012 fell substantially below the $1,000,000 she demanded. (Doc. No. 1-3 at ¶¶ 21, 25-26.) However, this difference is insufficient to sustain a bad faith claim on its own. "Pennsylvania law generally does not treat as bad faith an insurer's low but reasonable estimate of an insured's losses." See Pfister v. State Farm Fire & Cas. Co., No. 11-cv-0799, 2011 WL 3163184, at *4 (W.D. Pa. July 26, 2011). Here, although Plaintiff has identified the injury caused by the accident and asserts that her ongoing associated costs will exceed $1,000,000, she has not alleged facts from which a factfinder could plausibly conclude that Defendant's offer was unreasonable and made in bad faith,[1] "rather than made as part of the ordinary course of negotiations between insurers and insureds." See Clarke v. Liberty Mut. Ins. Co., No. 18-cv-1925, 2019 WL 522473, at *6 (M.D. Pa. Feb. 11, 2019) (quoting West, 2016 WL 4264240, at *2) (internal quotation marks omitted). Thus, the Court finds that Plaintiff's complaint fails to state a bad faith claim based on the difference between Plaintiff's demand and Defendant's offer. Accordingly, Plaintiff's bad faith claim asserted at Count II of the complaint

---

[1] Even if an offer is facially unreasonable, it must also be shown to have been made in bad faith. See Moran v. United Servs. Auto. Ass'n, No. 18-cv-2085, 2019 WL 626440, at *5 (M.D. Pa. Feb. 14, 2019) (citing West v. State Farm Ins. Co., No. 16-3185, 2016 WL 4264240, at *2 (E.D. Pa. Aug. 11, 2016)) (dismissing a bad faith claim after concluding that even if an offer is facially unreasonable, "it does not establish that [the defendant] 'acted in bad faith rather, it might have negligently failed to investigate and evaluate, leading to an unreasonable settlement offer'").

against Defendant will be dismissed for failure to state a claim upon which relief can be granted, without prejudice to Plaintiff's right to file an amended complaint that cures the deficiencies identified supra.[2]

## IV.   CONCLUSION

Based upon the foregoing, the Court will grant Defendant's motion to dismiss (Doc. No. 3), Count II of Plaintiff's complaint (Doc. No. 1).  Plaintiff will be granted thirty (30) days from the date of this Memorandum to file an amended complaint that corrects the pleading deficiencies identified herein.  An Order consistent with this Memorandum follows.

---

[2] Although Plaintiff has not requested leave to amend the complaint, and "sua sponte leave is not required in non-civil rights cases in this Circuit," Clarke v. Liberty Mut. Ins. Co., No. 18-cv-1925, 2018 WL 6497895, at *5 (M.D. Pa. Dec. 10, 2018) (citing Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007)), because amendment of the complaint as to Count II is not clearly futile, Plaintiff will be granted leave to amend the complaint, in accordance with Federal Rule of Civil Procedure 15(a)(2).  For the subject bad faith claim to survive a subsequent motion to dismiss for failure to state a claim, the amended complaint must allege sufficient facts from which a reasonable jury could plausibly conclude that Defendant's actions in investigating and evaluating Plaintiff's claims were unreasonable and that Defendant knew of or recklessly disregarded its lack of a reasonable basis.